UNITED STATES DISTRICT COURT

Page 1                                    District of Connecticut                                    FILED

UNITED STATES OF AMERICA                  **JUDGMENT IN A CRIMINAL CASE**

                    v.                                                                          2006 NOV 29 P 3: 11
                                          CASE NO. *3:02cr329(AHN)*
Ramek Gordon,                             USM NO: *14938-014*
a/k/a "Rameek Gordon";                                                                          U.S. DISTRICT COURT
 a/k/a "Ramik Gordon";
a/k/a "R Blizz"; a/k/a "Black"            *Karen L. Peck*
                                          Assistant United States Attorney

                                          *Paul F. Thomas*
                                          Defendant's Attorney


**THE DEFENDANT:** pleaded guilty to count 2 of the Indictment.


Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 21:841(a)(1) and (b)(1)(A) | Possession with Intent to Distribute and Distribution of 50 Grams or More of Cocaine Base/Crack | November 14, 2002 | 2 |


The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is sentenced to time served .

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 5 years. Mandatory and Standard Conditions 1, 2, 4 and 8 of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:
    1.   The defendant shall reside for a period of six months, to commence immediately, in a community confinement center in the State of Virginia and shall observe the rules of that facility.
    2.   The defendant shall participate in a program approved by the Probation Office for inpatient and outpatient substance abuse treatment and testing. The defendant shall pay all or a portion of the costs associated with treatment based on the defendant's ability to pay as determined by the probation officer.
    3.   The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, base upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises maybe subject to searches pursuant to this condition.
    4.   The defendant shall not possess a firearm or other dangerous weapon.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows.

**Special Assessment:**      $100.00 due immediately for Count 2.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

<u>November 28, 2006</u>
Date of Imposition of Sentence


Alan H. Nevas
United States District Judge
Date: 11/29/06


**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.


John F. Bardelli
United States Marshal


By _____
Deputy Marshal


*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* _____
*Kevin F. Rowe, Clerk*
*BY:* _____
     *Deputy Clerk*

Case 3:02-cr-00323-AHN   Document 190   Filed 12/29/2006   Page 3 of 3

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

■ (2) The defendant shall not unlawfully possess a controlled substance;

☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed) _____
       Defendant                               Date _____


_____
U.S. Probation Officer/Designated Witness       Date _____