UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| vs. : | CRIMINAL NO. 3:02CR329(AHN) |
| RAMEK GORDON : | February 26, 2007 |

### MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

Pursuant to 18 U.S.C. § 3583(e)(2) and Rule 32.1(c) of the Federal Rules of Criminal Procedure, the defendant, Ramek Gordon, hereby moves to modify the conditions of supervised release that were made part of his sentence. More particularly, Mr. Gordon respectfully moves this Court to modify the conditions of supervised release by eliminating the first special condition, which requires that he reside for six months in a community confinement center in the State of Virginia. In support of this motion, counsel for Mr. Gordon states the following grounds:

1. On March 21, 2003, he pled guilty to Count Two of the Indictment, which charged possession with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A). On November 28, 2006, the Court sentenced Mr. Gordon to time served and 5 years of supervised release with several special conditions, including the aforementioned requirement of residence for six months in a half-way house.

2. A significant reason for requiring Mr. Gordon to reside in a community confinement center was to provide him a structured living environment to facilitate his transition back to the community after years in prison, and this purpose was considered to be particularly important because Mr. Gordon was relocating out of state to a location where he had never lived. Had such a center been immediately available to Mr. Gordon upon his release from custody, he would have gone directly from sentencing to that location. Due to the unavailability of a half-way house for several months, however, Mr. Gordon has not been able to fulfill this condition and he is expecting that space will be available in March, 2007.

- 2 -

3. In the interim, while waiting to move to the community confinement center, Mr. Gordon has adjusted extremely well both to supervision and to his new community. He has leased an apartment and he is working two jobs. From Monday through Friday, he works from 6:00 a.m. to 2:30 p.m., in the back room at a Target department store. From Monday through Wednesday he then works from 3:00 p.m. until 10:00 p.m. at a McDonalds restaurant. He also works at McDonalds on Saturday and Sunday from 4:00 a.m. to 2:00 p.m. In addition, Mr. Gordon is actively participating in activities sponsored by the Richmond Outreach Center, a faith-based program, where he attends Bible study classes on Thursday and Saturday and where he joins in church activities on Friday and Sunday..

4. Based upon the foregoing facts and circumstances, the requested modification of the conditions of supervised release would be consistent both with the Court's purpose in imposing the condition of residence at a half-way house and with the factors set forth in 18 U.S.C. § 3553(a). Indeed, given the great progress made to date by Mr. Gordon in finding and maintaining employment and establishing himself in the new community, the objectives of the original sentence could be frustrated by requiring Mr. Gordon to leave his community and to reside many miles away where he could not keep his current jobs.

Respectfully submitted,

THE DEFENDANT,
RAMEK GORDON

THOMAS G. DENNIS
FEDERAL DEFENDER

Dated: February 26, 2007

Paul F. Thomas
Asst. Federal Defender
2 Whitney Ave., Suite 300
New Haven, CT 06510
Bar No. ct01724
(203) 498-4200

- 3 -

## CERTIFICATION

    I HEREBY CERTIFY that a copy of the foregoing MOTION TO CONTINUE SENTENCING has been mailed to Karen Peck, Assistant United States Attorney, P.O. Box 1824, New Haven, CT 06508, and to Mark D. Myers, United States Probation Officer, 157 Church Street, New Haven, CT 06510, on this 22nd day of September, 2006.

                                                  _____
                                                  Paul F. Thomas